# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>VERNON WILLIAMS | No. 20-CR-00709<br><br>Judge Mary M. Rowland |

## MEMORANDUM OPINION & ORDER

Chicago Police Officers stopped and frisked Vernon Williams in a parking lot, then arrested him and searched his car. They recovered marijuana, cocaine, a handgun, and a shotgun. Williams was charged with possession of cocaine and marijuana in violation of 21 U.S.C. § 841(a)(1) and with possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A). He argues that this evidence should be suppressed because the arresting officer violated his Fourth Amendment right to be free from unreasonable searches and seizures. (Dkt. 24). His motion to suppress is denied for the following reasons.

## BACKGROUND

On August 4, 2020, at approximately 8:30 PM, Chicago Police Officers at the Sixth District police station were monitoring live footage from a stationary camera mounted in front of a shopping center.[1] They observed Williams sitting in a parked car making several hand-to-hand cash transactions.

---

[1] The facts in this section are taken from the parties' briefs and exhibits.

First, at 8:37 PM, a man in red pants approached the driver's side door of the car with cash in his hands. Defendant Williams could be seen getting out of his car, walking to the trunk, and taking out a carton of cigarettes. The two men exchanged cigarettes for cash, then walked back to the front of the car. There the man in red pants handed Williams more cash in exchange for a small object that could not be identified on video.

Second, at 8:42 PM, a man in a black sweatshirt approached the driver's side door of the car holding cash. He handed the cash to Williams in exchange for a small object that could not be identified on video.

Third, at 8:47 PM, a woman in a black jacket and a man in a yellow sweatshirt approached the driver's side of the car. The woman handed Williams cash, the man reached into the car and took something small from Williams. Police were dispatched to investigate.

At 8:50 PM, a Chicago Police Officer pulled into the parking lot and stopped his car behind the Defendant's.[2] A fourth man, wearing white, was standing outside the driver-side window of the Defendant's car looking in and speaking to Williams. The car window was rolled up, but the door was ajar, and Defendant Williams was seated in the driver's seat. The Officer approached Williams and asked him to step out of the car.[3] Defendant Williams complied, fully opening his door, and getting out

---

[2] At this point Williams had been seized for Fourth Amendment purposes, though the timing of that seizure is not critical to the Court's analysis. *See United States v. Mays*, 819 F.3d 951, 956 (7th Cir. 2016) ("A seizure may be effected in either of two ways: through physical force or through a show of authority and submission to the assertion of authority.") (quotations and citations omitted).

[3] The Officer activated his body camera as he approached. This footage shows events from 8:50 PM onwards. (Dkt. 25, Ex. B).

2

with his hands up. The Officer positioned him to face his car, radioed for assistance, and handcuffed him. The Officer then asked whether Defendant Williams had a Firearm Owner Identification ("FOID") and whether he had any weapons on his person; Defendant Williams answered "yes" to both questions. The Officer opened a satchel on his shoulder, finding a handgun. Williams also told the Officer that he had a small amount of marijuana in the trunk of his car. When Williams asked why he was being arrested, the Officer responded, "I observed you selling a carton of cigarettes, okay? You can't do that, okay? That's why you're being stopped, okay?" (Dkt. 25, Ex. B).

Soon after, several other Chicago Police Officers arrived. While they stood with Defendant Williams, the first arresting Officer searched the front passenger seat of his car, recovering a small plastic bag containing marijuana and cocaine. He then opened the trunk, saying "there's stuff in the trunk, I haven't even gone through it but when I was watching the camera, he was retrieving a bunch of cigarettes." Inside, he found a rifle.

Defendant Williams was charged with possession of cocaine and marijuana in violation of 21 U.S.C. § 841(a)(1) and with possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A).

## ANALYSIS

The parties disagree about whether probable cause or reasonable suspicion is the proper standard by which to judge the Officer's actions. Defendant Williams argues that the Officer did not even have a reasonable suspicion when he stopped

3

him, (Dkt. 24 at 3), while the government argues that he had probable cause. (Dkt. 25 at 15).

The Fourth Amendment allows for only a "limited intrusion into an individual's privacy" if police officers have "reasonable suspicion to believe criminal activity is afoot." *United States v. Richmond*, 924 F.3d 404, 411 (7th Cir. 2019) (*citing Terry v. Ohio*, 392 U.S. 1, 30 (1968)). Officers must be able to "point to specific and articulable facts" when justifying such an intrusion. *Terry*, 392 U.S. at 21. To justify a frisk, an officer must also point to "articulable facts that would establish the separate and specific condition that the detainee has a weapon or poses some danger." *United States v. Williams*, 731 F.3d 678 (2013) (*citing Terry*, 392 U.S. at 27). Reasonable suspicion is "more than a hunch" but less than probable cause, and significantly less than a preponderance of the evidence. *See Illinois v. Wardlow*, 528 U.S. 119, 123 (2000).

By contrast, an officer may only "make a warrantless *arrest* consistent with the Fourth Amendment if there is *probable cause* to believe that a crime has been committed." *United States v. Daniels*, 803 F.3d 335, 354 (7th Cir. 2015) (emphasis added). "Police officers possess probable cause to arrest when 'the facts and circumstances within their knowledge and of which they have reasonably trustworthy information are sufficient to warrant a prudent person in believing that the suspect has committed an offense.'" *United States v. Howard*, 883 F.3d 703, 707 (7th Cir. 2018) (citations omitted). Both reasonable suspicion and probable cause are judged in view of "the totality of the circumstances," *United States v. Richmond*, 924

F.3d 404, 411 (7th Cir. 2019); *United States v. Schaafsma*, 318 F.3d 718, 722 (7th Cir. 2003).

The Officer who arrested Williams had observed him on video selling cartons of cigarettes from the trunk of his car, which is a violation of the Chicago Municipal Code.[4] This means that before the Officer approached him, he had probable cause to arrest Williams. *See Atwater v. City of Lago Vista*, 532 U.S. 318, 354, 121 S. Ct. 1536, 1557, 149 L. Ed. 2d 549 (2001) (violation of seat belt ordinance provided probable cause for arrest); *Jackson v. Parker*, 627 F.3d 634, 638 (7th Cir. 2010) (violation of Chicago ordinance prohibiting freight vehicles from driving on boulevards created probable cause). The observation of additional hand-to-hand cash transactions in a parking lot at night is an additional, and alternative, justification for arresting Williams. *See United States v. Sands*, 815 F.3d 1057, 1062 (7th Cir. 2015) (confidential informant's observation of a hand-to-hand transaction created probable cause for arrest). And when an officer has probable cause to make an arrest, he may also search an individual. *Virginia v. Moore*, 553 U.S. 164, 176 (2008) ("officers may perform searches incident to constitutionally permissible arrests in order to ensure their safety and safeguard evidence.").

The only remaining question is whether the search of Williams' vehicle was constitutional. Two exceptions to the general rule that warrantless searches are

---

[4] The government asserts that this violated Chicago Municipal Code 4-64-350. That statute appears to only prohibit the sale of *loose* cigarettes. *Id.* ("No person shall sell [. . .] any tobacco product except in its original factory-wrapped package [or] any cigarette in a package containing fewer than 20 cigarettes."). Williams was, however, selling cartons of cigarettes without a license in violation of Chicago Municipal Code 4-64-200.

5

unconstitutional apply to these circumstances: the exception for searches incident to arrest and the automobile exception. As noted above, when an officer has probable cause to make an arrest, he may conduct certain limited searches. *Virginia*, 553 U.S. at 176; *see also United States v. Paige*, 870 F.3d 693, 701 (7th Cir. 2017). The exception for searches incident to arrest applies to vehicles as well as individuals, and "an officer may search a vehicle incident to an arrest if the arrestee is within reaching distance of the passenger compartment at the time of the search" or "it is reasonable to believe the vehicle contains evidence of the offense of arrest." *United States v. Paige*, 870 F.3d 693, 702 (7th Cir. 2017) (citing *Arizona v. Gant*, 556 U.S. 332, 351 (2009)).

Moreover, "under the 'automobile exception,' an officer may search a vehicle when the officer has probable cause to believe that the vehicle contains evidence of criminal activity." *Id.* (citing *Maryland v. Dyson*, 527 U.S. 465, 467 (1999)). In this case, the Officer's search of Williams' car was constitutional pursuant to either exception. Williams was within reaching distance of the passenger compartment when he was arrested, and that Officer saw him selling cigarettes from inside the trunk.

## CONCLUSION

The Defendant's motion to suppress is denied. (Dkt. 24). A status hearing has been set for 8/9/2021.

ENTER:

Dated: July 13, 2021

*Mary M Rowland*
_____
MARY M. ROWLAND
United States District Judge